948 F.2d 1282
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ivee R. MILES-SLATER, Plaintiff-Appellant,
v.
COMPUTER BASED SYSTEMS, INCORPORATED, Defendant-Appellee.
 No. 91-2586.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 7, 1991.
Decided Nov. 22, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-91-299-A)
 Ivee R. Miles-Slater, appellant pro se.
 Matthew Whalen Lucas, Vienna, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, K.K. HALL and PHILLIPS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Ivee R. Miles-Slater appeals from the decision of the district court granting summary judgment to Defendant, Computer Based Systems, Inc. ("CBS") in her suit alleging retaliatory discharge from employment. Because we conclude that Plaintiff's termination did not fall under any recognized exception to Virginia's doctrine of "employment at will," we affirm.
 
 
 2
 Ivee Miles-Slater was employed by CBS as an Associate Technical Support Specialist beginning in April 1988. She was responsible for supervising the intake and preparation of toxic and hazardous reporting forms for data processing in conjunction with CBS's contract with the Environmental Protection Agency.
 
 
 3
 In October 1988 Defendant began to notice problems with Plaintiff's job performance. Her supervisors made several efforts to meet with her to discuss her performance and were very specific as to the events and instances of insubordination which led to their displeasure. In addition, they recommended steps she could take to overcome the deficiencies in her work. Namely, they specified that she had failed to follow specific processing instructions, left work without notifying her supervisor, failed to inform her supervisor of the status of projects in response to specific requests to do so, failed to complete assignments in a timely manner, and exhibited insubordinate conduct to her superiors. On November 8, 1988, Plaintiff was placed on probation for leaving the work place without informing her supervisors.
 
 
 4
 In late February Plaintiff called the EPA Project Officer and proceeded to discuss her opinions about the way the EPA project was being managed at CBS. She received written notice of CBS's disapproval of this action and was warned it would not be tolerated. The EPA officer informed CBS that on February 28, he received a call from Plaintiff's husband that he would be receiving documents concerning Plaintiff's employment situation with CBS. Subsequently, Plaintiff was discharged. In the termination letter, CBS made reference to the telephone calls made to EPA but also stated that it was "unable to obtain and secure the degree of performance necessary for your continued employment...."
 
 
 5
 Miles-Slater brought suit in federal court alleging retaliatory discharge in violation of her First Amendment right to petition the federal government and in violation of Article I, § 12 of the Virginia Constitution. The district court granted Defendant's motion for summary judgment, and Plaintiff appeals. Virginia has embraced the doctrine of employment at will: unless the duration of employment is fixed, there is a rebuttable presumption that employment may be terminated by either party at any time, with or without cause. Norfolk S. Ry. Co. v. Harris, 59 S.E.2d 110 (Va.1950). Virginia also recognizes a narrowly defined "public policy" exception to the doctrine, whereby an employee may not be discharged for exercising a specific statutory right or for refusing to commit an unlawful act. See Bowman v. State Bank of Keysville, 331 S.E.2d 797, 801 (1985). There is no dispute that Plaintiff's employment was "at will." However, she contends that it was unlawful for CBS to discharge her for telephoning a representative of the EPA, since she was merely exercising her right to petition the government.
 
 
 6
 We are of the view that summary judgment was proper for three reasons. First, there is ample evidence supporting her discharge for reasons other than her conversations with the EPA. The record supports the conclusion that her supervisors at CBS were dissatisfied with her work as well as her attitude toward her superiors. Even assuming arguendo that Miles-Slater was discharged, in part, due to her protected speech, there is ample evidence to conclude that CBS would have reached the same decision in the absence of such speech. See Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle, 429 U.S. 274, 287 (1977). Second, discussing internal procedures at CBS is not a matter of public concern invoking First Amendment protection. See e.g., Rankin v. McPherson, 483 U.S. 378 (1987). Although the Court in Rankin concluded that an employee's statement expressing a death wish for the President was, to some extent, a matter of public concern, it proceeded to balance the employee's First Amendment rights against the effect of the speech on the "regular operation of the enterprise." Id. at 388. It concluded that the effects were minimal and did not justify dismissal of the employee. In contrast, the performance of Plaintiff's duties in this case and the regular operation of CBS were affected by Plaintiff's speech, or at least had that potential by decreasing confidence by the EPA in CBS's ability to perform its contracted duties.
 
 
 7
 Third, and perhaps most important, the First Amendment itself does not provide protection against private interference with speech. See Hudgens v. NLRB, 424 U.S. 507, 513 (1976) (First Amendment does not guarantee free speech by picketers of private contractor on private land). CBS was and is a private corporation. There is nothing in the record indicating that the EPA, or any other government actor, participated in the decision to terminate Miles-Slater.
 
 
 8
 For the reasons stated, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.